UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-CV-80043-AHS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TODD STEPHENS, *et al.*,

    Defendants.
_____/

## DEFENDANT CADLEROCK III, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT TODD STEPHENS *PRO SE* MOTION FOR EQUITABLE RELIEF

The defendant CadleRock III, LLC ("CadleRock"), by and through undersigned counsel, files *Defendant CadleRock III, LLC's Response in Opposition to Defendant Todd Stephens Pro Se Motion for Equitable Relief* and responds as follows:

1. The Plaintiff, the United States of America, holds a restitution judgment against the defendant Todd Stephens in the original principal amount of $130,220,803.56.

2. On October 13, 2023, the Court entered its *Order* granting Plaintiff's motion for summary judgment in which Plaintiff sought foreclosure of the defendant Todd Stephens' interest in a parcel of real property located at 230 Miramar Way, West Palm Beach, Florida (the "Properpty"). ECF No. 55.

3. The Property was encumbered by a mortgage in favor of PNC Bank followed by a judgment lien held by CadleRock. Id. at 2.

4. Todd Stephens did not file any opposition to the motion. Id. at 1.

5. The motion was granted, entitling Plaintiff to foreclose on the Property, and after payment of costs of foreclosure, the net proceeds would first be disbursed to PNC Bank and then

CASE NO.: 9:23-CV-80043-AHS

to CadleRock and the remainder to the U.S. Courts to be applied towards the restitution owed by Mr. Stephens.

6. By order dated June 5, 2025, the Court approved the sale of the Property. ECF No. 135.

7. The Property has since been sold.

8. The defendant Todd Stephens, by way of his most recent filing – *Defendant's Pro Se Motion for Equitable Relief to Return 50% of Net Sale Proceeds* - requests what the title states, an order from the Court directing that 50% of the net proceeds of the sale be remitted to him rather than his creditors under principles of equity. In his Motion, he relies on the All Writs Act (28 U.S.C. § 1651(a)) and Rule 60(b)(6) of the Federal Rules of Civil Procedure. *Motion*, II.2. at 2.

9. For the reasons set forth below, the Motion is without merit and CadleRock therefore asks it be denied.

## **Memorandum of Law**

The *Motion* is easily dispense of by application of the doctrine of uncleans.

> It is one of the fundamental principles upon which equity jurisprudence is founded, that before a complainant can have a standing in court he must first show that not only has he a good and meritorious cause of action, but he must come into court with clean hands…
>
> The governing principle is "that whenever a party who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him in limine; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." Pomeroy, Equity Jurisprudence, 4th ed., § 397.

*Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244, 54 S. Ct. 146, 147 (1933).

CASE NO.: 9:23-CV-80043-AHS

A one hundred thirty million dollar restitution judgment and a 120 month prison sentence for conspiracy to commit money laundering is per se unclean hands and for that reason alone, the *Motion* should be denied.

The movant invocation of the All Writs Act is misplaced. "Under the Act, '[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it.'" *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1263 (11th Cir. 2021) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 273, 63 S. Ct. 236, 239, 87 L. Ed. 268 (1942)). The purpose of the act is clearly set forth the powers federal courts have in protecting a court's inherent jurisdiction and to "'prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Rohe* at 1263 (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172, 98 S. Ct. 364, 372, 54 L. Ed. 2d 376 (1977). A key aspect of the All Writs Act is that is equitable in nature. Rohe at 1264 (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534-35, 119 S. Ct. 1538, 1542, 143 L. Ed. 2d 720 (1999). Being equitable in nature, the unclean hands doctrine again comes into play.

The cases cited by Mr. Stephens do not provide authority for the relief he seeks. The case of *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247 (1954) deals with a writ of error coram nobis in which the petition sought a reduction of their sentence. Nowhere in the opinion is the issue granting the extraordinary relief sought in this civil law proceeding discussed or alluded to. The same can be said with regards to *Bearden v. Georgia*, 461 U.S. 660, 661, 103 S. Ct. 2064, 2066 (1983). That case dealt with the ability to pay a fine and if there was no ability to pay if

3

incarceration was appropriate. Holding that is not, the case nevertheless provides no legal support for the relief sought by Mr. Stephens.

The *Motion* also cites to the case of "*U.S. v Velez*, 607 F.3d 864 (11th Cir. 2010)," but a review of the official reporter shows that the case cited at 607 F.3d 864 is the case of *Gonzalez-Fuentes v. Molina* from the First District. This case addresses the propriety of the Puerto Rican authorities revoking ankle monitoring privileges of certain convicts. The case has absolutely no bearing on the issue at hand.

Nor does exist the case of "U.S. v Denson" cited by the movant which he states is reported at 603 F.3d 1361. There is no case starting at that citation, rather, page 1361 of 603 F.3d is the continuation of the case of *Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.*, 603 F.3d 1359, 1359 (Fed. Cir. 2010). This pattern of citing to non-existent case law continues with the reference to "U.S. v. McGowan," which the movant asserts a decision by the Eleventh Circuit Court of Appeals found at 300 F.3d 1342. But what resides at this citation is the twenty-second page of the opinion of *Robinson v. Moore*, 300 F.3d. 1320 (11th Cir. 2002). This case addressed a writ of habeas corpus seeking relief from a death sentence.

A review of the additional cases cited in the *Motion* reveal that nearly all do not exist. It is apparent that Mr. Stephens improperly relied, unchecked, on artificial intelligence, an increasing problem in the judicial system. Regardless of the reason, it is his filing, bearing his signature and as such, subjects him to the same requirements of anyone filing papers with a court, that he not present an argument that is not based in fact and applicable law, or is not a good faith attempt at an extension or modification of the law. Because the *Motion* fails by citing to non-existent law, as

CASE NO.: 9:23-CV-80043-AHS

well as the fact that Mr. Stephens comes before the Court with unclean hands, the *Motion* should be denied.

WHEREFORE, defendant, CadleRock III, LLC, requests that the Court deny the *Motion* and grant any further relief the Court deems just and proper.

Respectfully submitted,

**LORIUM LAW**
*Attorneys for CadleRock III, LLC*
101 N.E. 3rd Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:   (954) 462-8000
Facsimile:    (954) 462-4300

By: */s/ Richard B. Storfer*
     Richard B. Storfer
     Florida Bar No.: 984523
     rstorfer@loriumlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July 2025, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all parties of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Richard B. Storfer*
     Richard B. Storfer

CASE NO.: 9:23-CV-80043-AHS

## SERVICE LIST

*United States of America vs. Stephens, et al.*
CASE NO.: 9:23-CV-80043-AHS

Danielle N. Croke, AUSA
Florida Bar No. 0723258
Email: Danielle.croke@usdoj.gov
500 South Australian Ave., 4th Floor
West Palm Beach, Florida 33401
Phone: 561-209-1035
*Counsel for Plaintiff United States of America*
Via CM/ECF

Matthew A. Ciccio, Esq.
Aldridge Connors LLP
1615 S Congress Avenue Ste 200
Delray Beach, FL 33445
(561) 288-8941
mciccio@aclawllp.com
*Counsel for the defendant PNC Mortgage*
Via CM/ECF

Barbara Quist
2280 County Ridge Ln.
Spring Hill, FL 34606
VIA U.S. Mail

Chapman Smith, Esq.
Chapman Smith & Associates PLC
2699 Stirling Road
Suite A201
Fort Lauderdale, FL 33312
954-981-3249
954-981-3259 (fax)
csmith@csmithassoc.com
*Counsel for Receiver*

Todd Stephens
3620 S US Highway 1
Fort Pierce, FL 34982
561-866-8198
todd.stephens@yahoo.com
VIA CM/ECF

5535.226